# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Criminal Case No. 96-cr-203-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**3.    JAMES EADS,**

    Defendant.

---

# ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

---

Before the Court is Defendant James Eads's Motion for Compassionate Release ("Motion"). (ECF No. 777.) For the following reasons, the Court denies the Motion.

## I. BACKGROUND

Eads has been incarcerated since May 20, 1996. (ECF No. 4.) On May 19, 1998, a jury convicted Eads of the following:

- conspiracy to distribute and possess with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) ("Count 1");

- possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(A) ("Count 2"); and

- using or carrying a firearm during and in relation to the crime charged in Count 2, in violation of 18 U.S.C. § 924(c) ("Count 3").

The late United States District Judge Daniel P. Sparr sentenced Eads to life

imprisonment[1] on Count 1, 235 months' imprisonment on Count 2, to run concurrently to the life sentence, and 30 years' imprisonment on Count 3, to run consecutive to any other sentence. (ECF No. 539.) Eads is currently incarcerated at FCI Florence, a facility of the federal Bureau of Prisons ("BOP"). He has served approximately 24 years of his sentence.

Eads filed his Motion on October 19, 2020, seeking immediate release based on the outbreak of COVID-19 at his facility. (ECF No. 777.) Specifically, he contends that he is at increased risk of death or severe illness due to his age and underlying health condition of atrial fibrillation. (*Id.* at 3; ECF No. 788 at 8–10.) The Government filed a response in opposition to the Motion on November 18, 2020. (ECF No. 783.) Eads filed a reply on December 4, 2020, and a supplement to his Motion on December 22, 2020. (ECF Nos. 788 & 791.)

## II. ANALYSIS

Eads invokes the Court's authority to grant what is commonly referred to as "compassionate release." The statutory basis for compassionate release is as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce

---

[1] The Government filed a sentencing enhancement pursuant to 18 U.S.C. § 851 based on Eads's prior convictions for sale of and conspiracy to distribute cocaine, which resulted in the life sentence. (ECF No. 308.)

> the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age [along with various other conditions not relevant here];
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c).

In short, to release Eads from confinement immediately under this authority, the Court would need to re-sentence him to time served (approximately 24 years).

**A.    Extraordinary and Compelling Circumstances**

The Court first considers whether extraordinary and compelling circumstances justify Eads's release. *See* 18 U.S.C. § 3582(c). In making this determination, the Court acknowledges the Tenth Circuit's recent guidance in *United States v. Carr*, — F. App'x —, 2021 WL 1400705 (10th Cir. 2021), holding that a district court retains broad discretion to define extraordinary and compelling circumstances and is not constrained by United States Sentencing Commission policy statements. *Id.* at *4–5; *see also United States v. Maumau*, 994 F.3d 821, 834 (10th Cir. 2021) (stating that "district courts . . . have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons'").

Eads asserts that he is 62 years old and suffers from atrial fibrillation, which places him at high risk for developing severe COVID-19 if infected. (ECF No. 777 at 5;

3

ECF No. 788 at 8–10.)  He further states that he has bone spurs, a recent hip replacement surgery, and diverticulitis.  (ECF No. 777 at 5.)

Although Eads's age and medical conditions may be risk factors for severe COVID-19, the BOP website reflects that zero cases of inmates with the virus currently exist at FCI Florence.  *See BOP: COVID-19 Update*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited May 12, 2021).  The weight of authority thus far underscores the conclusion that extraordinary and compelling circumstances generally do not exist where there are no confirmed cases of the virus at the prisoner's facility.  *See, e.g.*, *United States v. Harden*, 2020 WL 4499993, at *2 (D. Colo. Aug. 5, 2020) (denying compassionate release despite medical conditions of asthma and bronchitis where no confirmed cases exist at facility); *United States v. Yurek*, 2020 WL 3415371, at *1–2 (D. Colo. June 22, 2020) (same); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (stating that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release").  Assuming, however, that Eads's health conditions constitute extraordinary and compelling circumstances—although he is not exposed to COVID-19 at his facility—the Court proceeds to the question of whether the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh in favor of Eads's release.

**B.      § 3553(a) Factors**

For whatever reason, the Government elected not to address whether the § 3553(a) factors support Eads's release, instead focusing its response on whether extraordinary and compelling circumstances exist.  (*See* ECF No. 783.)  The Court nonetheless considers whether the factors favor Eads's release.

Eads primarily argues that his conviction for Count 1 unjustifiably resulted in a mandatory life sentence, although this offense was nonviolent and the weapons involved were used as barter rather than force or threat. (ECF No. 777 at 2–4.) He asserts that if he were sentenced today, his sentence for Count 1 would be 25 years instead of life. (ECF No. 788 at 13–14.) Eads concedes that this reduction would not impact his mandatory 30-year consecutive sentence for Count 3, resulting in a total sentence of 55 years. (*Id.* at 14.)

Additionally, Eads states that he has had an exemplary disciplinary record during his 24 years of incarceration and has earned numerous certificates through continuing education courses offered at his facility. (*Id.* at 12.) He further emphasizes his release plan of residing with his sister and her husband. (*Id.* at 14–15.)

Although Eads has spent many years imprisoned, and his rehabilitation is encouraging, he has served less than half of the 55-year sentence he would receive if sentenced today. (*Id.* at 14–15.) Further, it cannot reasonably be disputed that Eads's offense conduct was serious. He acknowledges that he was part of a group that exchanged firearms, ammunition, and explosive devices for methamphetamine. (ECF No. 777 at 6.) As reflected in the Presentence Investigation Report, one of those firearms was a machine gun, which is the basis for his mandatory 30-year consecutive sentence. (ECF No. 779 at 8.)

Of note, last year the Court denied a compassionate release motion filed by Eads's co-defendant, Robert Bernhardt. *See United States v. Bernhardt*, 2020 WL 4041458 (D. Colo. July 17, 2020). In that Order, the Court found that the sentencing factors disfavored Bernhardt's release because he had served less than half of his

sentence for crimes which similarly involved trafficking drugs and firearms. *Id.* at *3. Given that Eads received an even greater sentence, the Court finds that the disparity that would result from sentencing Eads to so little time compared to his co-defendant is inconsistent with the directive of the sentencing statute that unwarranted sentencing disparities between similarly-situated defendants be avoided.

Taking all of this together, the Court finds that a sentence of time served (24 years) would not be consistent with "the nature and circumstances of the offense," § 3553(a)(1); "the need for the sentence imposed * * * to reflect the seriousness of the offense [and] * * * afford adequate deterrence to criminal conduct," § 3553(a)(2)(A)–(B); "the kinds of sentence and the sentencing range established for [Eads's crimes]," § 3553(a)(4); and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," § 3553(a)(6).

Ultimately, the Court finds that the facts of Eads's case weigh against compassionate release at this time. In another three years, however, Eads will have served about 27 years in custody, or approximately half of the sentence he would have received if sentenced today for the same conduct (assuming a 25-year rather than life enhancement on Count 1). If COVID-19 remains as threatening in three years as it is today, or a comparable health threat exists at that time, a motion for compassionate release brought at that time would enjoy greater equities in its favor under § 3553(a). Accordingly, the Court will deny Eads's instant motion without prejudice to refiling no earlier than three years from the date of this Order.

### III. CONCLUSION

For the reasons set forth above, Eads's Motion (ECF No. 777) is DENIED.

Dated this 17th day of May, 2021.

BY THE COURT:

William J. Martínez
United States District Judge